PER CURIAM.
Hanger Prosthetics & Orthotics, Inc., (“Hanger”), appeals an order denying its motion to vacate a default judgment granted to J.L. Saunders. We reverse.
The Saunders Family Real Estate Partnership filed a complaint seeking damages arising from a landlord/tenant relationship with Hanger. Realizing that the Saunders Family Real Estate Partnership had not been formed at the time the cause of action accrued, the complaint was amended to change the plaintiff to J.L. Saunders. *985 The original complaint was then served on CT Corporation System, but not the amended complaint.
When Hanger failed to respond to the original complaint, J.L. Saunders obtained a default and a final judgment, based upon the amended complaint. Hanger eventually learned of the suit and moved to vacate the judgment citing corporate internal errors in processing the summons and complaint as excusable neglect, a meritorious defense, and Saunder’s failure to serve it with the amended complaint upon which the final judgment is based.
Rule 1.090(a), Florida Rules of Civil Procedure provides:
Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served ... a party shall plead in response to an amended pleading within twenty days after service of the amended pleading unless the court otherwise orders.
(Emphasis added.)
Because Hanger was never served with the amended complaint that existed before service of the original complaint, the default based upon a failure to answer the original complaint is a nullity.
The default and final judgment are vacated and we remand for further proceedings.
REVERSED and REMANDED.
PETERSON, THOMPSON and MONACO, JJ., concur.